IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PREMIUM FINANCING SPECIALISTS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal Action No. ) 09-0984-CV-W-REL |
| MID-CONTINENT CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM TO COUNSEL**

Defendant Mid-Continent Casualty Company is an insurance carrier with its principal place of business in Oklahoma. According to the petition, Rubicon Insurance and Risk Management in Gainsville, Florida (not a party to this lawsuit), was the "duly authorized and acting agent of defendant with authority to solicit applications for insurance policies of defendant, to receive premiums payable on such policies, and generally act for defendant in the production, sale and issuance of policies of insurance." Plaintiff Premium Financing Specialists, Inc. -- incorporated in Missouri and with its principal place of business in Missouri -- is in the business of financing premiums on insurance by paying a portion of the premium and reserving the right to cancel the insurance contract and receive all unearned premiums in the event the insured defaults on the loan of insurance premiums. Rubicon financed multiple insurance contracts (purported to be contracts of insurance with defendant Mid-Continent) with plaintiff, and plaintiff delivered the

premiums to Rubicon believing they would then be turned over to defendant Mid-Continent. Instead, James Sirmans of Rubicon had submitted false insurance policies to plaintiff and Sirmans kept the insurance premiums paid by plaintiff. Plaintiff claims in its petition that Rubicon was acting as defendant's agent and that defendant is therefore liable to plaintiff and must return all unearned premiums despite the conversion of those premiums by Sirmans.

In defendant's trial brief, it argues that Missouri law should apply in this case because the injury occurred in Missouri (the injured party is plaintiff whose principal place of business is Missouri), the conduct causing the injury took place in Missouri (loan paperwork caused money to be released from Missouri bank accounts), and plaintiff is incorporated in Missouri. In support of its argument, defendant relies on the most-significant-contacts test as outlined in the Restatement (Second) on Conflict of Laws. In its response, plaintiff does not address the most-significant-contacts test used by Missouri. Instead, plaintiff quotes one case from 1949 which states:

> It is the law of Missouri that where the agent of a foreign corporation, while acting in the course of his employment, commits a tort, the law of the state where the act was done determines whether his corporation is liable for the tort and the extent to which it is liable therefore.

Plaintiff has submitted proposed jury instructions using Florida law.

In a diversity case, the court applies Missouri's choice of law principals. <u>Heacker v. American Family Mut. Inc. Co.</u>, 2011 WL 124301 (W.D. Mo. Jan. 14, 2011); <u>John T. Jones Constr. Co. v. Hoot Gen. Constr. Co.</u>, 613 F.3d 778, 782 (8th Cir. 2010) (citing <u>Cicle v. Chase Bank USA</u>, 583 F.3d 549, 553 (8th Cir. 2009)); <u>Stricker v. Union Planters Bank</u>, 436 F.3d 875, 877 (8th Cir. 2006) ("In a diversity action, a district court sitting in Missouri follows Missouri's choice-of-law rules to determine applicable state law."); <u>Highwoods Props., Inc. v. Executive Risk Indem., Co.</u>, 407 F.3d 917 (8th Cir. 2005).

To determine a choice-of-law question, Missouri applies the "most significant relationship" test. <u>Ameristar Jet Charter, Inc. v. Dodson Intern. parts, Inc.</u>, 155 S.W.3d 50, 58 (Mo. 2005).

Section 292 of the Restatement (Second) of Conflict of Laws determines the choice of law that governs agency and in particular, the contractual liability of a principal to a third person. <u>Eqnatic v. Nguyen</u>, 113 S.W.3d 659, 670 (Mo. App. 2003) It provides:

> Whether a principal is bound by action taken on his behalf by an agent in dealing with a third person is determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the parties . . . .

3

155 S.W.3d 50, 58 (Mo. 2005).

Section 145 of the Restatement (Second) of Conflict of Laws lists four contacts to be taken into account to determine which state has the "most significant relationship":

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145 (1971).

When evaluating the contacts of each state, the court is to consider the relative importance of the contact to the particular issue, i.e., the significance of each contact is more important than the number of contacts. Livingston v. Baxter Health Care Corp., 313 S.W.3d 717, 721 (Mo. App. 2010). In a situation where the place of conduct and the place of injury occur in different states, Missouri choice-of-law rules dictate that the place where the act takes harmful effect or produces the result complained of is the more significant contact. Birnstill v. Home Sav. of America, 907 F.2d 795 797 (8th Cir. 1990).

In this case, the place where the act took harmful effect or produced the result complained of was Missouri:

4

- The injured party is plaintiff, plaintiff's principal place of business is Kansas City, Missouri

- Plaintiff's only injury is financial - plaintiff's bank accounts are held in Missouri and all money loaned by plaintiff comes out of accounts in Missouri

- Plaintiff's petition alleges that "Defendant's failure and refusal to refund the unearned premiums to PFS were, and are, intentional acts performed with knowledge and with the intent that PFS would suffer the results of the conversion at its offices in Missouri. Defendant's intentional conduct as calculated to cause and has caused injury to plaintiff in Missouri.

- Plaintiff previously filed a lawsuit against James Sirmans (the alleged agent) and Rubicon in Jackson County, Missouri, regarding the same facts as in this action. In that case, plaintiff alleged, "At all times pertinent hereto defendants knew that PFS was a Missouri corporation and that any losses resulting to PFS from the acts and conduct of defendants alleged herein would result to PFS in Missouri and the defendants so intended."

The second contact -- the place where the conduct causing the injury occurred -- is not entirely clear at this time. Defendant argues in its trial brief that "the money loaned out was paid out of Missouri. All loan paperwork was sent through PFS's Kansas City headquarters. The conversion took place when the money was loaned from Missouri. It was the loan paperwork that caused PFS to release money from its Missouri bank accounts. No conversion had yet taken place when the loan applications were generated or sent to PFS." I expected to hear, in plaintiff's response, more about the conduct of James Sirmans and where that conduct took place. However, plaintiff did not address any of

5

this in its response to defendant's trial brief on the choice of laws issue. Therefore, although this is not the most important contact, see <u>Birnstill v. Home Sav. of America</u>, 907 F.2d at 797, at this time it appears that this contact also favors application of Missouri law.

The third contact -- the domicile, residence, nationality, place of incorporation and place of business of the parties -- is equal between Missouri and Oklahoma. Plaintiff is incorporated in Missouri and defendant is incorporated in Oklahoma. However, no other contacts occurred in Oklahoma. No party to this action is domiciled in, is a resident of, is incorporated in, or has its principal place of business in Florida.

The final contact is the place where the relationship, if any, between the parties is centered. There was no relationship between plaintiff and defendant.

Because Missouri uses the most-significant-contacts tests and because the most significant contacts in this case are with Missouri, I find that Missouri law applies in this case.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 24, 2011