IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PREMIUM FINANCING SPECIALISTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-0984-CV-W-REL |
| MID-CONTINENT CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION IN LIMINE

Before the court is plaintiff's motion in limine (document number 46). Plaintiff seeks to exclude evidence of any criminal convictions or prosecution by the State of Florida against James Sirmans who is alleged by plaintiff to have been the agent of defendant Mid-Continent Casualty Company.

In response, defendant argues that a sworn complaint against Sirmans should be admissible, and a printout from the Florida Department of Corrections showing Sirmans's guilty plea and sentence for grand theft should be admissible (document number 47).

### A. SWORN COMPLAINT

Defendant argues that the sworn complaint should be admissible because it is a certified copy of an official record from the statute of Florida.

"The party opposing the admission of the matter reported as a public record has the burden of proving lack of trustworthiness." Simmons v. Chicago and Northwestern Transp. Co., 993 F.2d 1326, 1328 (8th Cir. 1993); Faries v. Atlas Truck Body Manufacturing Co., 797 F.2d 619, 622 (8th Cir. 1986). Plaintiff argues that the report is irrelevant and will cause irreparable damage, and that there is no foundation for its admissibility. Although defendant points out that plaintiff cites no legal authority for its motion, defendant's response is likewise devoid of any case law supporting its position.

Rule 803(8) of the Federal Rules of Evidence provides as follows:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

In Simmons v. Chicago and Northwestern Transp. Co., 993 F.2d 1326, 1327-28 (8th Cir. 1993), a state patrolman's accident report was admitted over objection. In affirming the trial court's decision, the Eighth Circuit held that the report was admissible as a public record under F.R.E. 803(8):

> Neither Toms's testimony nor the written accident report contained the statement of any witness. Toms testified that his conclusions about the cause of the accident were based upon the physical evidence, as well as the laws of physics. Significantly, Toms stated that his conclusions would have been the same if he had not spoken with the eyewitnesses.

Conversely, in Faries v. Atlas Truck Body Mfg. Co., 797 F.2d 619, 622-24 (8th Cir. 1986), a state trooper's accident report was improperly admitted because it contained the hearsay observations of an eyewitness. In Meder v. Everest & Jennings, Inc., 637 F.2d 1182, 1187-88 (8th Cir. 1981), a police report was improperly admitted as a public record when it contained a statement from an unidentified person and there was no corroboration for its trustworthiness.

In this case, the sworn complaint contains nothing but statements of witnesses: Peggy Kingman of Liberty Mutual, Kim Lee of Premium Assignment Corp., Amy Daniel of Liberty Mutual. The sworn complaint states that Amy Daniel and Peggy Kingman told Detective DeFallo that Sirmans admitted to financing premiums in excess of $1,170,000.00, that he owes Liberty Mutual $39,700.18, that 21 customer accounts were his own personal business

2

ventures, that he was having financial difficulty and needed additional capital to keep his agency operational, that "he knew what he did was wrong" and that he "felt that he had to rob Peter to pay Paul." This sworn complaint is nothing but hearsay, and it does not fall within the public records exception.

Finally, even assuming admissibility of the sworn complaint, I find that the document is more unfairly prejudicial than probative under F.R.E. 403.

### B.  *FLORIDA DEPARTMENT OF CORRECTIONS PRINTOUT*

According to the defendant, the Florida Department of Corrections Printout is admissible under the catch-all provision of F.R.E. 807 because "it is trustworthy." Once again, although plaintiff bears the burden of proving lack of trustworthiness, plaintiff merely states that "Mr. Sirmans'[s] criminal prosecution for any activities to the allegations of this lawsuit are irrelevant and will cause irreparable damage in the case [and] [t]here is no foundation for any Florida state criminal records which may be submitted as exhibits in this case."

It is well established that a criminal conviction may not be considered in a subsequent civil proceeding for the purpose of establishing the truth of the facts upon which it was based. Goffstein v. state Farm Fire & Casualty Co., 764 F.2d 522, 524 (8th Cir. 1985); Connecticut Fire Insurance Company v. Ferrara, 277 F.2d 388, 390 (8th Cir. 1960).

In addition, I find that this corrections printout is inadmissible because it has not been properly authenticated. Before evidence is admissible it must be authenticated. See F.R.E. 901(a). This requirement is met by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. The rationale for the authentication requirement is that the evidence is viewed as irrelevant unless the proponent of the evidence can show that the evidence is what its proponent claims.

3

Official publications can be self-authenticating, see F.R.E. 902(5); however, they require testimony from or a certificate signed by a custodian or other qualified person to accomplish the self-authentication. <u>Lorraine v. Markel American Ins. Co.</u>, 241 F.R.D. 534, 551 (D. Md. 2007). Because the printout from the Florida Department of Corrections is not certified, it is inadmissible as lacking authentication.

Finally, I find that even if the document were otherwise admissible, the probative value of the document is outweighed by its prejudicial value under F.R.E. 403.

Based on all of the above, I find that the documents attached to defendant's response are not admissible. It is

ORDERED that plaintiff's motion in limine seeking to exclude evidence of any criminal convictions of James Sirmans and to exclude the documents discussed above is granted. Counsel are reminded that testimony about the in-house fraud investigation and efforts to locate Sirmans (covered in the deposition testimony of the CEO which has been designated and not objected to) is not addressed in this order.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 25, 2011